**UNITED STATES of America,**
**Appellee,**

v.

**Niels LAUERSEN, Defendant–Appellant.**

**No. 05–1458–cr.**

United States Court of Appeals,
Second Circuit.

July 1, 2008.

David M. Samel, New York, NY, for Defendant–Appellant.

Michael M. Rosensaft, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

A jury convicted defendant-appellant Niels Lauersen of health care fraud in violation of 18 U.S.C. § 1347, mail fraud in violation of 18 U.S.C. § 1341, making false statements relating to health care matters

in violation of 18 U.S.C. § 1035(a), conspiracy to commit the foregoing offenses, *see* 18 U.S.C. § 2, and witness tampering in violation of 18 U.S.C. § 1512(b). On October 15, 2001, the District Court sentenced Lauersen principally to 87 months' imprisonment and restitution, as required by statute, *see* 18 U.S.C. § 3663A, in the amount of $3,240,597.00. On February 18, 2005, following a remand for resentencing pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), the District Court resentenced Lauersen principally to 70 months' imprisonment. The amount of restitution ordered, which was by statute required to reflect "the full amount of each victim's losses," *see* 18 U.S.C. § 3664(f)(1)(A), remained at $3,240,597.00. Lauersen now appeals the order of restitution only. We assume the parties' familiarity with the facts and the procedural history of the case.

Lauersen contends that the District Court's "order of restitution violated his Sixth Amendment right to be punished only upon fact-findings made by a jury beyond a reasonable doubt or admitted by him" because the amount of restitution was based solely upon facts found by the District Court by a preponderance of the evidence. Plaintiff's Br. 7. He also challenges the validity of the facts found by the District Court, contending that the record contains "particular facts casting doubt on the accuracy" of the loss amount on which the District Court based its order of restitution. *Id.* at 16.

We have determined previously that *Booker* identifies "no constitutional requirement that the facts needed for [a] district court's fashioning of a restitution order be found by a jury or found beyond a reasonable doubt." *United States v. Reifler*, 446 F.3d 65, 116 (2d Cir.2006).

Lauersen invites us to reconsider this holding in light of *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Because *Cunningham* contains no language suggesting that the "principle that jury findings[ ] or admissions by the defendant[ ] establish the 'maximum' authorized punishment has [any] application to … orders of restitution," *Reifler*, 446 F.3d at 118, we decline to do so. We therefore reject Lauersen's first argument pursuant to *Reifler*.

"We review a district court's order of restitution generally for abuse of discretion." *Id.* at 120. "We will find such an abuse of discretion if the district court applies legal standards incorrectly[,] … relies upon clearly erroneous findings of fact, or proceeds on the basis of an erroneous view of the applicable law." *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 119 (2d Cir.2007) (internal quotation marks omitted).

By statute, the Government bears the "burden of demonstrating[, by a preponderance of the evidence,] the amount of the loss sustained by the victim as a result of the evidence." 18 U.S.C. § 3664. Under this standard, a district court acts within its discretion in crediting the sentencing facts adduced by the Government as long as the record indicates that these facts "are more likely than not true." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir. 2003).

Lauersen points to several small errors in the Government's calculation. Review of the record, however, indicates that the District Court took these errors into account when arriving at its findings of the actual and intended loss associated with Lauersen's offenses of conviction.

Having found no error in the District Court's application of the law, and no clear

error in the District Court's findings of fact, we AFFIRM the judgment of the District Court.